**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
PRESTON FLOOD No. 032764
(602) 288-1610 ext. 276
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Reynaldo Espanola, an individual, and Joanne Thompson, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>Elite Assisted Living Home, an Arizona Limited Liability Corporation;<br><br>Defendants, | Case No.: _____<br><br>**COMPLAINT** |

Plaintiffs Reynaldo Espanola and Joanne Thompson, for their Complaint against Defendants, allege as follows:

**<u>NATURE OF THE CASE</u>**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

Complaint　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6. Arizona law protects employees from employers seeking to pay less than minimum wage.

7. Under Arizona law, employers are required to pay minimum wage that for the relevant period was set by the State at a rate of $8.05 per hour.

8. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. 23-364(G).

9. The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

10. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

11. For at one year prior to the filing of this action, Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

12. Plaintiffs seek to recover unpaid minimum wage, and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

13. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

14. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to this matter occurred in this District.

15. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## **PARTIES**

16. At all times material hereto, Plaintiffs Reynaldo Espanola and Joanne Thompson were and continue to be residents of Maricopa County, Arizona.

17. At all times material hereto Elite Assisted Living Home, is an Arizona Limited Liability Corporation, with its principal place of business in Maricopa County.

## **FACTUAL BACKGROUND**

18. At all relevant times, Plaintiffs were "employees" of Defendant.

19. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

20. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

21. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

22. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

23. Plaintiffs engaged in commerce or in the production of goods for commerce and are therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

24. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

25. Elite Assisted Living Home, an Arizona Limited Liability Corporation, is an assisted living home operating in Maricopa County, Arizona.

26. Defendants hired Plaintiffs in August of 2015 as caregivers.

27. Plaintiffs' job duties were to assist the elderly residents with all of their needs around the clock and provide companionship.

28. Defendants compensated Plaintiffs with at a flat rate of $90 per day.

29. Plaintiffs were non-exempt employees.

30. Plaintiffs had no supervision or management responsibilities.

31. Plaintiffs could neither hire nor fire employees.

32. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

33. Defendants managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

34. Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Elite Assisted Living Home.

35. Plaintiffs' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

36. Plaintiffs did not perform work requiring advanced knowledge.

37. Plaintiffs did not perform work in a field of science or learning.

38. Plaintiffs did not have an advanced degree and was not required to have one to perform the work.

39. The knowledge required to perform the work of a caregiver is not acquired by a prolonged course of specialized intellectual study.

40. Plaintiffs' work did not require consistent exercise of discretion and judgment.

41. Plaintiffs' work did not require them to analyze, interpret, or make deductions from varying facts or circumstances.

42. Plaintiffs' duties were carried out in a mechanical and routine manner and they had no authority to make independent decisions in performing those duties.

43. Plaintiffs' work did not require invention, imagination, originality, or talent.

44. Plaintiffs' work did not require creative or original analysis and interpretation.

45. Plaintiffs were required to be available to assist the patients 24 hours per day, 7 days per week.

46. Despite working around the clock, Plaintiffs were only compensated for 40 hours per week.

47. Defendant did not pay Plaintiffs for hours worked over 40 hours in a week.

48. Defendant did not pay Plaintiffs overtime.

49. Plaintiffs were not a commissioned employee.

50. Plaintiffs' $90 daily rate of pay for a 24 hour work day is an hourly rate of $3.75 which is well below the Federal minimum wage of $7.25.

51. Plaintiffs' $90 daily rate of pay for a 24 hour work day is an hourly rate of $3.75 which is well below the Arizona minimum wage of $8.05.

52. Plaintiffs were terminated without cause by Defendants in May of 2016.

53. Plaintiffs have retained the law firm of Phillips Dayes Law Firm PC to prosecute their claims against Defendants on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

54. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

55. While employed by Defendants, Plaintiffs worked multiple hours of overtime per week.

56. Plaintiffs were non-exempt employees.

57. Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

58. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

59. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

60. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

61. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

62. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

63. Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate

  equal to one and one-half times Plaintiffs' regular rate of pay while at work for Defendants, in an amount proved at trial;

  b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

  c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## MINIMUM WAGE VIOLATION—29 U.S.C. § 206

64. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

65. Pursuant to 29 U.S.C. 206, Defendants were required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiffs worked.

66. Defendant willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage when those wages were due.

67. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

68. Plaintiffs have been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants:

    a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the award;

    c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

# COUNT THREE
## MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

69. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

70. Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiffs worked.

71. Defendants willfully failed and refused to pay Plaintiffs at least the amount of the Arizona minimum wage when those wages were due.

72. Plaintiffs are entitled to collect the difference between the wages they received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

73. Plaintiffs have been required to bring this action to recover their Arizona minimum wages remaining due and unpaid, and their statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor, and against Defendants:

a. Awarding Plaintiffs compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

b. Awarding Plaintiffs an additional amount equal to twice the underpaid wages;

c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## DECLARATORY JUDGMENT

74. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

75. Plaintiffs and Defendants have an overtime compensation and wage dispute pending.

76. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

77. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiffs.

   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c. Plaintiffs are individually covered by the overtime provisions of the FLSA.

d. Plaintiffs were non-exempt employees pursuant to the FLSA.

e. Defendants failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

f. Defendants' failure to pay overtime compensation to Plaintiffs was willful.

g. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rates of pay.

h. Plaintiffs are entitled to an equal amount as liquidated damages.

i. Plaintiffs are entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claim.

78. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

79. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

Dated: March 2, 2017           Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: /s/ Trey Dayes
    Trey Dayes
    Sean C. Davis
    Preston Flood
    Attorneys for Plaintiff